UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES,<br><br>Petitioner,<br><br>v.<br><br>SHERIFF, SACRAMENTO COUNTY,<br><br>Respondent. | No. 2:23-cv-2116 DAD KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a pretrial detainee, currently in the custody of the Sacramento County Jail. He proceeds pro se and in forma pauperis with a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging a pending criminal case against him on speedy trial grounds and alleged due process violations. The United States' motion on alternative grounds is before the court. As set forth below, the motion to terminate the government should be granted, and this action should be dismissed.

Background

    Pending Criminal Cases

Petitioner challenges pending criminal proceedings in the District Court of Butler County, Kansas, 13th Judicial District. State of Kansas v. James, No. 2016 CR 070. Petitioner was charged with aggravated assault, a Level 7 Person Felony. (ECF No. 10 at 24.) In the Kansas case, petitioner made an oral motion raising the claims raised herein, including his claim that his

right to a speedy trial is being violated, but such motion was denied on August 14, 2020. (ECF No. 10 at 2.) No other state court challenges were noted.

On November 11, 2020, petitioner was released to the custody of a Sacramento police detective and brought to California to face criminal charges in People v. James, No. 19FE021761 (charged with assault with intent to commit rape/sodomy/oral copulation, kidnap to commit another crime, and kidnapping and carrying within county, state, or country). (ECF No. 10 at 7, 33, 37-40.) The California case is currently set to go to trial on April 8, 2024.[1]

Federal Petitions

On September 25, 2023, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the District of Kansas. (ECF No. 1.) On September 27, 2023, the case was transferred to this court. On October 23, 2023, petitioner filed an amended petition. On November 29, 2023, the Sheriff of Sacramento County was substituted as the proper respondent, the Bureau of Prisons was terminated, and the order for a response was served on the U.S. Attorney's Office, § 2241 Unit. (ECF No. 13 at 1.)

On January 29, 2024, the United States moved to be terminated as improperly served and, in the alternative, moved for dismissal based on lack of jurisdiction.

Petitioner filed an opposition. No reply was filed.

Improper Service

The government's request to be removed as party opponent is well taken. Because no federal party is named as a respondent, service on the U.S. Attorney's office was improper, the government did not specially appear for the sheriff, and the motion to terminate is granted.

In opposition, petitioner argues that in light of such improper service, the petition must be granted. Such argument is unsupported by law. Even if the sheriff had been properly served, it is

---

[1] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the Sacramento Superior Court is https://services.saccourt.ca.gov/PublicCaseAccess (accessed Mar. 4, 2024).

well settled that default judgments are not appropriate in federal habeas corpus actions.  See Gordon v. Duran, 895 F.2d 610 (9th Cir. 1990) (failure to file a response to claims raised in the habeas petition "does not entitle the petitioner to a default judgment"); Blietner v. Wellborne, 15 F.3d 652 (7th Cir. 1994) ("default judgments are disfavored in habeas corpus cases") (collecting cases).

Because the government's motion to terminate is granted, the undersigned need not address the alternative motion to dismiss based on alleged lack of jurisdiction.

Governing Standards

Rule 4 of the Rules Governing Section 2254 Cases authorizes the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Id.

Jurisdiction

As a California pretrial detainee, petitioner brings this action under 28 U.S.C. § 2241(c)(3).  Such "section empowers district courts to issue the writ, inter alia, before a judgment is rendered in a criminal proceeding."  See Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 503 (1973) (Rehnquist, J., dissenting); McNeely v. Blanas, 336 F.3d 822, 824 & n.1 (9th Cir. 2003).

Exhaustion

Petitioner fails to demonstrate he exhausted his state court remedies before bringing the instant action.

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."  Picard v. Connor, 404 U.S. 270, 275 (1971).  Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."  Vasquez v. Hillery, 474 U.S. 254, 257 (1986).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

While there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), courts have held exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial.  Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980); see Younger v. Harris, 401 U.S. 37 (1971).  Petitioner fails to show he exhausted state court remedies by presenting federal constitutional or statutory claims to the Kansas state appellate courts in the ongoing criminal proceedings against him.  Petitioner has also not demonstrated that special circumstances warrant federal intervention in this case.

Because petitioner has not shown he has exhausted state court remedies, the undersigned recommends that the petition be dismissed without prejudice.

Younger Abstention

The undersigned also finds that abstention is required under the Younger abstention doctrine.

The Younger abstention bars federal courts from staying or enjoining pending state criminal court proceedings unless there are exceptional circumstances.  Carden, 626 F.2d at 83. Under Younger, abstention from interference with pending state judicial proceedings is appropriate when:

> (1) there is "an ongoing state judicial proceeding"; (2) the proceeding "implicate[s] important state interests"; (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges"; and (4) the requested relief "seek[s] to enjoin" or has "the practical effect of enjoining" the ongoing state judicial proceeding.

Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 758 (9th Cir. 2014).

When the Younger elements are present, the federal court may exercise jurisdiction only if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982).  "Generally, pre-trial habeas challenges have been allowed only when a state defendant contends he is being deprived of his right to a speedy trial or the Double Jeopardy Clause will be violated if he is tried." Fritz v. Cty. of Los Angeles Cal., 2012 WL 5197971, at *2

4

1  (C.D. Cal. Oct. 18, 2012) (citing Braden, 410 U.S. at 488-93 (speedy trial)); McNeely, 336 F.3d
2  at 824 n.1 (as amended) (speedy trial).
3      Here, all Younger criteria are met.  First, petitioner's state criminal case pending in
4  Kansas was ongoing at the time petitioner filed the instant federal petition and remains pending in
5  Butler County, Kansas, Case No. 2016 CR 070.  Page v. King, 932 F.3d 898, 904 (9th Cir. 2019)
6  (in the habeas context, "[w]here . . . no final judgment has been entered in state court, the state
7  court proceeding is plainly ongoing for the purposes of Younger.")  Second, Kansas has an
8  important interest in enforcing its criminal laws and the integrity of its criminal proceedings.  See
9  Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal
10 justice systems free from federal interference is one of the most powerful of the considerations
11 that should influence a court considering equitable types of relief.") (citing Younger, 401 U.S. 44-
12 45); Nichols v. Brown, 945 F. Supp. 2d 1079, 1096 (C.D. Cal. 2013) (The state must be permitted
13 to enforce its laws).  Third, petitioner may raise in the Kansas state courts the claims brought in
14 the instant action.  Fourth, granting the federal habeas relief petitioner seeks would enjoin
15 ongoing state proceedings.  Petitioner asks this court to dismiss with prejudice the criminal case
16 pending against him in the Butler County, Kansas case.  (ECF No. 10 at 8.)  Such relief would
17 necessarily enjoin ongoing state proceedings.
18     Finally, petitioner fails to demonstrate that his circumstances constitute bad faith,
19 harassment, or extraordinary circumstances permitting this court to exercise jurisdiction.  The
20 delay in bringing the Kansas case to trial does not constitute an "extraordinary circumstance"
21 under Younger.  See Page, 932 F.3d at 902.  In "rare cases" courts have declined to abstain where
22 the delay was "extreme" and there was "no end in sight" to the state court proceedings.  Id.  But
23 even then, Younger abstention is appropriate where there is "no indication that the state court has
24 been ineffective."  Page, 932 F.3d at 902 (citation omitted).  Here, the delay in petitioner's case
25 does not qualify as one of those rare cases in which the delay has been extreme and there is no
26 end in sight.  See Koch v. Price, 2020 WL 5095487, at *3 (E.D. Cal. Aug. 28, 2020) (no
27 exceptional circumstances existed even where the case had been pending for ten years), findings
28 and recommendation adopted by 2020 WL 5942358 (E.D. Cal. Oct. 7, 2020).  Rather, the delay in

the pending Kansas case is attributable to other criminal charges pending in California, and not based on any ineffectiveness on the part of the Kansas court. It appears that officials in the Kansas proceedings have deferred their prosecution until resolution of the criminal proceedings in the California case. Further, an end is in sight given that petitioner's California case is set for trial on April 8, 2024. James, No. 19FE021761.

To the extent petitioner argues that his speedy trial argument creates an "extraordinary circumstance," the Ninth Circuit Court of Appeals has "specifically rejected . . . the argument that a claimed violation of the Speedy Trial Clause . . . sufficed in and of itself as an independent 'extraordinary circumstance' necessitating pre-trial habeas consideration." Brown v. Ahern, 676 F.3d 899, 901 (9th Cir. 2012) (citing Carden, 626 F.2d at 84). Thus, even assuming petitioner has a viable speedy trial claim, the claim is not properly before this court at the present time.

Accordingly, it is recommended that the court abstain under Younger.

Conclusion

Because the claims in the amended petition are all unexhausted, and federal intervention is inappropriate under the abstention doctrine, this action should be dismissed without prejudice.

Miscellaneous Motions

On February 23, 2024, petitioner filed a motion to grant relief. (ECF No. 25.) In light of the above recommendations, petitioner's motion is denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The nonparty government's motion to terminate (ECF No. 24) is granted, and the undersigned declines to address the alternative motion to dismiss (ECF No. 23);

2. The Clerk of the Court shall terminate the U.S. Attorney's Office and their counsel as attorney of record for respondent Sheriff; and

3. Petitioner's motion (ECF No. 25) is denied.

Further, IT IS RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 6, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

/jame2116.56