UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES,<br><br>Petitioner,<br><br>v.<br><br>SHERIFF OF SACRAMENTO COUNTY,<br><br>Respondent. | No. 2:23-cv-02116-DAD-CSK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 26) |

Petitioner Ronald Eugene James is a pretrial detainee proceeding *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 6, 2024, the assigned magistrate judge issued findings and recommendations recommending that petitioner's federal habeas petition be dismissed because petitioner's underlying state criminal proceedings are still pending, and thus application of the *Younger* abstention doctrine requires dismissal of this federal habeas action without prejudice. (Doc. No. 26 at 4–5) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). The magistrate judge also found that "petitioner has not shown" that he had exhausted his claims by first presenting them to the state high court prior to filing this federal habeas action, and recommended that this action should be dismissed on this basis as well. (*Id.* at 3–4.) The pending findings and recommendations were served upon petitioner and contained notice that any objections thereto were to be filed within

1

fourteen (14) days after service. (*Id.* at 6–7.) On March 25, 2024, petitioner filed objections to the findings and recommendations. (Doc. No. 27.) Respondent did not file a response thereto or objections of his own.

In his objections, petitioner addresses only the findings and recommendations regarding his failure to exhaust his claims in state court prior to filing this federal habeas action. (*Id.*) Those objections are unpersuasive on the question of petitioner's failure to exhaust his claims. Petitioner also expresses his frustration with various delays in his pending state criminal proceedings. (*Id.*) Importantly, however, petitioner does not dispute that his state criminal proceedings remain ongoing. As a result, his federal habeas petition must be dismissed pursuant to the *Younger* abstention doctrine.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including petitioner's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

/////

2

Accordingly,

1. The findings and recommendations issued on March 6, 2024 (Doc. No. 26) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1, 10) is dismissed, without prejudice;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **July 19, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE